**Opinion issued June 13, 2019**



In The

# Court of Appeals

### For The

# First District of Texas

_____

## NO. 01-18-00823-CV

_____

### SAN JACINTO RIVER AUTHORITY, Appellant

### V.

### ELIZABETH BOLT, STEPHEN BOLT, EDWARD AVELLA, MICHELLE AVELLA, JAMES BEECH, SUSAN BEECH, JAMES P. CLARK, ROBERT FRYE, MELANIE FRYE, JOHN HAMBRICK, SHARON HAMBRICK, JAMES HOLEKAMP, TAMMY HOLEKAMP, TRACY JANIK, KRIS JANIK, SCOTT JENSEN, KAMELA JENSEN, LARRY KEESE, JANET KEESE, DAVID KELLEY, LEIGH MARCUS-KELLEY, ROBERT C. NORRIS, CAROLANNE NORRIS, BENNETT J. REAVES, ASHLEY REAVES, CAROLINE SANTIAGO, JAMES SANTIAGO, ADAM SHAFFER, YVETTE SHAFFER, LARRY SHRYOCK, JANET SHRYOCK, NAOMI STAIR, MICHAEL STAMPS, PAMELA STAMPS, RAUL SUAZO, SHELLEY SUAZO, ROBERT SWIFT, SANDRA SWIFT, JAMES TOWNE, SUSAN TOWNE, BRADFORD WITMER, SUSAN WITMER, JOHN WOOD, AMANDA WOOD, BERNIE WUTHRICH, JANET WUTHRICH, JEFF ARTHUR, AND JENNIFER ARTHUR, Appellees

### On Appeal from the County Civil Court at Law No. 1
### Harris County, Texas
### Trial Court Case No. 1113458

## MEMORANDUM OPINION

In this interlocutory appeal, appellant San Jacinto River Authority, the defendant below, asserts that the trial court erred in denying its Rule 91a motion to dismiss. The River Authority's Rule 91a dismissal motion contended that because the plaintiffs' inverse-condemnation (takings) claims have no basis in fact or law, the River Authority's governmental (sovereign) immunity is not waived and the plaintiffs' claims should be dismissed for lack of subject-matter jurisdiction.

In *San Jacinto River Authority v. Burney*, 570 S.W.3d 820 (Tex. App.— Houston [1st Dist.] 2018, no pet. h.), an opinion delivered six months ago, this court addressed three appeals in which the River Authority raised and argued the same issues that it is raising in this appeal. For the reasons expressed in *Burney*, we affirm.

## Background

During Hurricane Harvey in late August and early September of 2017, the San Jacinto River Authority released water from Lake Conroe into the West Fork of the San Jacinto River. The forty-eight plaintiffs are owners of homes that flooded in Kingwood, Texas. The homeowners have sued the River Authority in the civil county court at law of Harris County, seeking compensation for their inverse-condemnation claims. The homeowners allege that during Hurricane Harvey, the River Authority released rising water from Lake Conroe into the West

Fork of the San Jacinto River, and that the released water caused or exacerbated the downstream flooding of their homes in Kingwood. They allege two causes of action against the River Authority: inverse condemnation of their real and personal property; and inverse condemnation by an "inundation, flood, flowage or drainage easement" over their property.

There are two differences between this case and the three cases in *Burney*. The three cases in *Burney* were filed in Harris County district court, and in each of those cases the homeowner plaintiffs asserted an additional statutory takings claim under Government Code section 2007.021. *See Burney*, 570 S.W.3d at 824–29 (holding that Harris County's county civil courts at law have exclusive jurisdiction over inverse-condemnation claims and that a statutory takings claim must be brought in district court). Except for these two differences, the factual allegations and the two inverse-condemnation claims in this case and in the three cases in *Burney* are practically identical.

## Analysis

In this appeal, the River Authority asserts that the trial court erred in denying its Rule 91a motion to dismiss because the homeowners did not plead sufficient facts to establish a waiver of the River Authority's immunity. We review de novo the trial court's ruling. *See id.* at 830.

The River Authority asserts six reasons why the homeowners' pleading is insufficient. The River Authority's first two reasons assert that the homeowners' flooding did not constitute a taking because their properties were affected by a confluence of water and because the peak inflow into Lake Conroe exceeded its peak outflow. In *Burney* we rejected these two arguments, and we reject them here for the same reasons, including because of their attempted reliance on evidence. *See id.* at 835–36; *see also id.* at 830–31 (rejecting River Authority's request to consider evidence with Rule 91a dismissal motion, including under the guise of judicial notice).

The River Authority additionally argues that the homeowners' flooding did not constitute a taking because the water was released from Lake Conroe directly into the West Fork of the San Jacinto River and not directly into their respective properties. *Burney* addressed and rejected this argument, noting contrary authority from the Texas Supreme Court and the United States Supreme Court. *See id.* at 835–36 & n.67 (citing *Tarrant Regional Water Distr. v. Gragg*, 151 S.W.3d 546, 550, 554–55 (Tex. 2004) (affirming takings judgment despite evidence that water district released lake water directly into river during heavy rains and water traveled about eight miles downstream before causing flood damage); and *Ark. Game & Fish Comm'n v. United States*, 568 U.S. 23, 27–28 (2012) (holding that property owner 115 miles downstream from dam could maintain federal takings claim)).

The River Authority's next two arguments are that the homeowners' pleading does not sufficiently plead intent or that the flooding was for a public purpose. Again, *Burney* thoroughly addressed and rejected these identical arguments, and we do as well based on the reasoning in *Burney*. *See id.* at 833–35, 837–38.

Finally, we reject the River Authority's last argument—that the homeowners' inverse-condemnation claim for an "inundation, flood, flowage or drainage easement" over their property is not sufficiently pleaded factually or legally—which was addressed in *Burney*: "The same allegations also sufficiently support the homeowners' constitutional takings claims for an 'inundation, flood, flowage or drainage easement over their property,' or a partial taking." *Id.* at 838 & n.79 (citing *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 821 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.)).

## Conclusion

For the above reasons, we overrule the River Authority's issues and affirm the trial court's denial of the River Authority's Rule 91a motion to dismiss.

Richard Hightower
Justice

Panel consists of Justices Higley, Hightower, and Countiss.

5